No. 27,713.

IONE EBAUGH, *Appellant,* v. LEE MILLER, *Appellee.*

(275 Pac. 1090.)

Opinion denying a rehearing filed April 6, 1929. (For original opinion of affirmance see 127 Kan. 464.)

*W. H. Carpenter, W. R. Carpenter,* both of Marion, and *Edwin Anderson,* of McPherson, for the appellant.

*James Galle, P. J. Galle,* both of McPherson, *F. L. Martin* and *James N. Farley,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: In a petition for rehearing plaintiff contends defendant forfeited his privilege because he exaggerated the reports he had received when he communicated them to Clarence Ebaugh and Charles S. McGiffert. The petition goes so far as to say it is "absolutely shown" that defendant embellished and exaggerated the reports. There is no basis in the record for this assertion.

It will be recalled the janitor of the school building reported what he said he saw. In response to inquiry, defendant made statements to McGiffert and Clarence Ebaugh concerning what the janitor said. On the witness stand McGiffert and Clarence Ebaugh made statements concerning what defendant said. The following is what defendant said the janitor reported to him:

"He said that when he first became suspicious he went down in the sewing room one night to close the windows, and he said as he opened the door the preacher jumped back and grabbed his hat and said, 'Well, I guess that is all,' and Miss Ebaugh said, 'Well, that is all but one thing, and I will attend to that.' He said he went in and closed the window, and the preacher went out ahead of him, and he said he went up town. . . . He said the longer he studied over it the more suspicious he became. He said he stayed up town about half an hour, and he went back to the school building and went into the sewing room, and they weren't there, and he went from the sewing room over into the cooking room, and he said they were in there, and he thought he had his arm around her, . . ."

McGiffert said defendant told him plaintiff and the preacher "were caught in the basement with the door locked one night."

Whether the word "caught" was appropriately descriptive may be a matter of opinion, but it does not seem to the court to be much of an exaggeration. The description "with the door locked" appeared for the first time, in all the talk about the preacher and plaintiff, in McGiffert's testimony. Defendant testified, however, that he did not tell McGiffert they were caught in the basement with the door locked. Defendant testified he told McGiffert what the janitor said.

Clarence Ebaugh testified defendant told him "they were caught in the high-school building. She was sitting on his lap, hugging and kissing him." We get the janitor's report of this incident from what J. C. Johnson testified defendant told him—apparently a letter-perfect account, since plaintiff does not question it in the petition for rehearing:

"Miller then told me that Reverend Pennington had been visiting her in her room after school hours, and staying until after dark; that the janitor had made a peep hole in the ceiling so that he could watch them at the desk, and the janitor saw Reverend Pennington and Miss Ebaugh sitting at her desk and Reverend Pennington had his hand on her thigh, close to her body, while she was combing her fingers through his hair; she then put her arm around his neck and drew his head over to her shoulder and kissed him."

There is room for difference of opinion as to whether Clarence Ebaugh's account discloses carnality embellished and exaggerated beyond Johnson's account, but defendant testified he did not tell Clarence Ebaugh his sister was sitting on the preacher's lap, hugging and kissing him. Defendant testified he told Clarence Ebaugh what the janitor said.

The result of the foregoing is, it was a question of fact whether defendant gave his interlocutors a hyperbolical account of what had been told to him. If he did, he did not act in good faith in the matter, and he may have been actuated by malice. The court instructed the jury that defendant's statements were only qualifiedly privileged; that is, they were privileged provided they were made in good faith and with no malicious intent or purpose. With the general verdict in defendant's favor, the jury returned special findings of fact that defendant bore no malice toward plaintiff, and did not act in bad faith.

The petition for rehearing chides the court for not referring to this subject in the original opinion. The court preferred not to print the evidence which has been set out above, and supposed reference to the findings that defendant acted in good faith and

without malice would be sufficient. Since plaintiff insists on a discussion of the subject the court has no choice in the matter.

There is nothing else of importance in the petition for rehearing, and it is denied.